JUSTICE COTTER
specially concurs and dissents.
¶37 I concur in the Court’s decision to clarify the law with respect to *206 the application of the provisions of § 37-61-405, MCA, and Rule 10, U.Dist.Ct.R. I further concur in the Court’s holding found at ¶ 27 of the Court’s Opinion. However, I dissent from the Court’s conclusion that the facts of this case compel reversal.
¶38 First of all, I would point out that the March 13 order issued by the District Court, cited at ¶ 5 of the Court’s Opinion, was prepared by DeJana, the withdrawing attorney. The court signed this order and served it upon the Schaeffers. The Schaeffers were alerted by the order that: (a) their counsel had withdrawn from the case; and (b) that they had to advise the court and opposing counsel if they had secured new counsel.
¶39 After the court’s March 13 order was served upon the Schaeffers, amended deposition notices were issued on April 7 by the plaintiff, and served on the Schaeffers. The Schaeffers responded by telephone that they had not been properly served, and thereafter, additional notices and subpoenas were again served by mail and in person upon the Schaeffers. As the District Court points out, Richard Schaeffer appeared for his deposition but refused to give testimony. The plaintiff then filed a motion to hold Richard Schaeffer in contempt and filed a motion for summary judgment and memorandum. These documents were served on the Schaeffers at the address they gave Quantum Electric’s attorney.
¶40 The Court indicates at ¶ 31 that the court’s order allowing counsel to withdraw did not contain notice of the depositions originally scheduled for March 27. However, the fact is that notices of those depositions were served upon the defendants through their counsel of record, while he was still acting as counsel. See ¶ 5. Because the Schaeffers already had notice of their depositions, through their counsel, it was unnecessary for the court to notify the Schaeffers in its order of “the date of the next action required in the case”-the March 27 depositions.
¶41 With respect to the other deadlines, it is important to note that a scheduling order was entered and served on the Schaeffers, and this too was done while the Schaeffers were being represented by counsel. Thus, any requirement that they be notified of the next actions required in the case (even after the March 27 depositions) was satisfied.
¶42 The record demonstrates that the Schaeffers were notified every step along the way of the next proceeding to take place in the action. Moreover, the Schaeffers were served by Quantum Electric with the motion for summary judgment and memorandum, and thus were alerted that the proceedings could result in a judgment or order being *207 entered against them. Again, they chose to ignore this notice.
¶43 I concede that the letter of § 37-61-405, MCA, and Rule 10, U.Dist.Ct.R., was not met here, because the Schaeffers were notified in a series of documents rather than one written notice of the matters which the statute and rule require. However, I would not find the fact that the notices were multiple instead of individual to be significant, especially in light of the uncontroverted disregard that the Schaeffers showed for the legal proceedings. I would conclude that Quantum Electric met the spirit of the statute and the rule here, and that even if we are now casting in stone a rule for future litigants, Quantum Electric should not suffer from imposition of this rule.
¶44 I would make the rule announced in the Court’s Opinion prospective, and I would affirm the order of the District Court. I dissent from our refusal to do so.
CHIEF JUSTICE GRAY joins in the foregoing concurring and dissenting Opinion of JUSTICE COTTER.